12-1068 (L)
United States v. Cooper, Manning

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York the 14th day of March, two thousand thirteen.

Present:     GUIDO CALABRESI,
             ROSEMARY S. POOLER,
             REENA RAGGI,
                     *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                     *Appellee,*

            -v-                                    12-1068-cr (Lead)
                                                   12-1982-cr (Con)

DESMEL COOPER, AKA BIG, AKA BI, AKA BIGS, AKA BIG D,
AKA BIG MAN, AKA "B", AKA D, LAURIE MANNING,[1]

                     *Defendants-Appellants*.

_____

Appearing for Appellant:     E.M. Allen, Stetler, Allen & Kampmann, Burlington, Vt.,
                             *for Defendant-Appellant Desmel Cooper*.
                             Robert S. Behrens, Law Office of Robert S. Behrens, Burlington,
                             Vt., *for Defendant-Appellant Laurie Manning*.

Appearing for Appellee:      Christina E. Nolan, Assistant United States Attorney, District of
                             Vermont (Tristram J. Coffin, United States Attorney; Gregory L.
                             Waples, Assistant United States Attorney, *on the brief*) Burlington,
                             Vt.

_____

[1]The Clerk of the Court is directed to amend the caption as set forth above.

Appeal from the United States District Court for the District of Vermont  (Sessions,  *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgments of said District Court be and it hereby are **AFFIRMED**.

Desmel Cooper and Laurie Manning were arrested and charged with a dozen other co-defendants as part of a conspiracy to sell heroin and cocaine in Burlington, Vermont.  Cooper appeals from the May 2, 2012 judgment of the United States District Court for the District of Vermont (Sessions, *J.*) sentencing him to 108 months' imprisonment, and four years of supervised release, following his guilty plea to one count of conspiracy to distribute heroin and twenty-eight grams or more of cocaine base in violation of 18 U.S.C. §§ 846; 841 (b)(1)(B). Manning appeals from the March 6, 2012 judgment of the United States District Court for the District of Vermont (Sessions, *J.*) sentencing her to 54 months' imprisonment, and three years of supervised release, following her guilty plea to one count conspiracy to distribute heroin and cocaine base in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C).  We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Cooper argues that the district court committed procedural and substantive error by failing to properly apply the parsimony clause of 18 U.S.C. § 3553(a).  This argument fails. There is no evidence the district court was unaware of the parsimony requirement.  Our Court looks at whether the district court understood its obligation to impose a sentence that was no greater than necessary, and does not require the district court to use specific words in imposing sentence. *United States v. Williams*,  475 F.3d 468, 477 (2d Cir. 2007).  It is clear from the sentencing transcript that the district court appreciated its obligations pursuant to the parsimony clause, and that the district court gave explicit consideration to the Section 3553(a) factors.

Manning argues that the district court committed error when it declined to downwardly depart based on Guidelines Section 5K2.12, which permits such a downward departure when the defendant "committed the offense because of serious coercion, blackmail or duress, under circumstances not amounting to a complete defense." U.S.S.G. § 5K1.12.  The record clearly indicates the district court understood the correct application of Section 5K1.12, and understood that it could downwardly depart, but chose not to do so because it found that Manning committed her crime "not because of duress or coercion on the part of [her husband].  It's because she is an addict and driven by her addiction, and that seems to me to suggest that ground for departure is not appropriate."

The record also demonstrates Manning's sentence was procedurally reasonable.  The sentencing transcript demonstrates the district court considered the Section 3553(a) factors, and simply did not resolve them in a way favored by Manning. Finally, Manning argues the sentence was substantively unreasonable because the district court did not take her mental health and status as a victim of domestic violence into account.  However, her sentence – at the low end of the Guidelines range – was plainly "within the range of permissible decisions." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (internal quotation omitted).

We have examined the remainder of the parties' arguments and find them to be without merit. Accordingly, the judgments of the district court hereby are AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk